THE STATE, EX REL. CLIFFORD, CLERK OF COURT OF COMMON PLEAS
OF FRANKLIN COUNTY, *v.* CLOUD, AUDITOR OF STATE.
THE STATE, EX REL. MASGAY, CLERK OF COURT OF COMMON PLEAS
OF CUYAHOGA COUNTY, *v.* CLOUD, AUDITOR OF STATE.

[Cite as State, ex rel. Clifford, Clerk, v. Cloud, Aud., 7 Ohio St. 2d 55.]

(Nos. 40003 and 40015—Decided June 29, 1966.)

*Mr. C. Howard Johnson*, prosecuting attorney, and *Mr. George C. Smith*, for relator in case No. 40003.

*Mr. John T. Corrigan*, prosecuting attorney, and *Mr. John T. Patton*, for relator in case No. 40015.

*Mr. William B. Saxbe*, attorney general, and *Mr. Charles S. Lopeman*, for respondent.

SCHNEIDER, J.  Section 2941.51, Revised Code, provides that "fees and expenses [for defense counsel assigned to an accused] approved by the court under this section shall be taxed as part of the costs." Section 2949.19, Revised Code, provides that if the costs of prosecution of a convicted felon are not satisfied by a levy on the property of the felon, "the Clerk of the Court of Common Pleas shall so certify to the Auditor of State * * * with a statement of the total amount of costs, the amount paid, and the amount remaining unpaid. * * * *Such unpaid amount as the Auditor of State finds to be correct shall be paid by the state to the order of such clerk.*" (Emphasis supplied.)

The duty of the Auditor of State would appear to be self-evident under these sections. However, he contends that the ultimate responsibility for payment of counsel fees is upon the county and not the state, because Section 2941.51, Revised Code, provides also that "counsel * * * shall be paid for their services by the county" and "the county auditor shall draw his order on the county treasurer for the payment of such counsel in the amount fixed by the court." He finds support for that contention in the fact that that language was not changed when the General Assembly in 1959 added to Section 2941.51, Revised Code, the provision first quoted in the preceding paragraph.

The auditor maintains further that, by the phraseology employed to amend the section, the General Assembly intended merely to afford counties the means to levy upon the property

of the felon to recoup any counsel fees advanced. See Section 2949.15, Revised Code.

In our opinion, the General Assembly accomplished both the purpose for which the respondent contends, as well as that for which the relators contend, and each purpose is entirely consistent with the other.

As already stated, it may be assumed that in the Franklin County case a jury was impanelled and jury fees were necessarily expended under Section 2313.34, Revised Code, which provides that such fees are "payable out of the county treasury." But the respondent apparently does not contend that those jury fees are not a part of the costs of prosecution as provided by Section 2947.23, Revised Code, and are not reimbursable by the state under Section 2949.19, Revised Code. We see no significant distinction or controlling difference between the phrase, "paid for their services by the county" (Section 2941.51, Revised Code), and the phrase, "payable out of the county treasury" (Section 2313.34, Revised Code).

If respondent's argument is extended to its logical conclusion, not only would juror fees not be reimbursable by the state, but neither would such items as transcripts of evidence (Section 2301.24, Revised Code, "paid from the county treasury, and taxed and collected as costs"), witness fees (Section 2335.-08, Revised Code, "paid out of the county treasury, and * * * taxed in the bill of costs"), expenses of transporting convicts as witnesses (Section 2945.48, Revised Code, "taxed and paid as other costs against the state"), expenses of transporting the defendant to the place of taking depositions (Section 2945.51, Revised Code, "taxed and collected as other fees and costs in the case"), fees of commissioners for depositions (Section 2945.54, Revised Code, "paid out of the county treasury and taxed as part of the costs in the case") and transcripts of the record on appeal (Section 2953.03, Revised Code, "paid from the county treasury * * * and charged as costs in the case"). We are firmly of the opinion that that result was never intended by the General Assembly.

Although neither petition alleges that moneys have been appropriated in the current biennium for the purposes for which the writ is sought and that there is a balance in such appropriation sufficient to pay the warrants sought to be is-

sued, these facts were affirmatively stipulated by counsel at the hearing of the case.

Amended Substitute House Bill No. 200 (an act to make general appropriations for the biennium beginning July 1, 1965, and ending June 30, 1967, approved June 30, 1965) contains this language:

Auditor of State
Criminal Costs

| | | (1965-1966 | 1966-1967 | Biennium) |
|---|---|---|---|---|
| 80-501 | Subsidy | $ 900,000 | $ 900,000 | $ 1,800,000 |

The above subsidy appropriation—criminal costs—shall be distributed on the warrant of the Auditor of State in accordance with the provisions of Sections 2949.17 to 2949.-20, inclusive, of the Revised Code, to those counties entitled thereto, except that any counties indebted to the state under agreements entered into pursuant to Section 5739.24 of the Revised Code, shall have credited to them under such agreement their distributive share in lieu of payment. *The maximum fee provided in Section 2941.51 (B) of the Revised Code shall apply regardless of the number of indictments against any one person.* (Emphasis supplied.)

The last sentence conclusively demonstrates that the General Assembly recognized that fees of court-appointed counsel for indigent defendants are includable in the costs to be reimbursed by the state, for which the foregoing appropriation was made, and dispels any vestigial doubt raised by the respondent that the statutes do not provide for reimbursement of that expense.

Finally, however, attention is alerted to Section 22, Article II of the Constitution:

"No money shall be drawn from the treasury, except in pursuance of a specific appropriation, made by law * * *."

Therefore, when the appropriation referred to is exhausted, no obligation will remain upon the Auditor of State to pay any subsequent bill certified to him under the statutes referred to.

Writs of mandamus will issue to the respondent commanding him to pay the cost bills involved in both cases, including the counsel fees taxed therein.

*Writs allowed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.