THE STATE, EX REL. GIULIANI ET AL., *v.* PERK, AUDITOR OF
CUYAHOGA COUNTY, ET AL.

(No. 68-33—Decided May 29, 1968.)

*Mr. Elmer A. Giuliani* and *Mrs. Carol G. Emerling,*
for relators.

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. A. M.
Braun* and *Mr. John L. Dowling,* for respondents.

*Per Curiam.* Respondent auditor contends that he has
no authority to issue warrants to pay relators' certified fees
since the board of county commissioners has not appro-
priated any funds specifically for the payment of counsel
fees on appeal.

Section 319.16, Revised Code, provides, in pertinent part:

"* * * The auditor shall not issue a warrant for the payment of any claim against the county, unless it is allowed by the board of county commissioners, except where the amount due is fixed by law or is allowed by an officer or tribunal so authorized by law."

The auditor's contention entirely ignores the explicit exception in Section 319.16, Revised Code, to the requirement of allowance of claims by the board. Each of the fees claimed by relators is an "* * * amount due * * * allowed by an officer or tribunal so authorized by law." Therefore, no action by the board allowing these claims is necessary to authorize the auditor to issue a warrant to pay the certified fees involved herein.

Section 5705.41 (C), Revised Code, which is general in its application to local government, relates to the auditor's duty under Section 319.16, Revised Code, which is specific concerning the county's obligation to pay these fees, only to the extent that it requires him to expend county funds by means of "* * * a proper warrant drawn against an appropriate fund * * *." In our opinion, the "appropriate fund" is that fund against which the auditor now draws warrants for payment of fees of trial counsel for indigent defendants appointed under Section 2941.50, Revised Code.

In *State, ex rel. Clifford,* v. *Cloud,* 7 Ohio St. 2d 55, this court determined that Section 2941.51, Revised Code, places the obligation to pay the fees of court-appointed counsel for indigent defendants on the counties and not the state. We went on to hold that, under Section 2949.19, Revised Code, the Auditor of State must reimburse counties for criminal costs, including counsel fees, paid by the county and duly certified by the clerk of courts to the Auditor of State, so long as funds appropriated by the General Assembly for that purpose remain unexpended. When those funds are exhausted, the county must pay such costs out of its own funds without hope of reimbursement by the state.

We trust that this decision, when read in conjunction

with *State, ex rel. Clifford,* v. *Cloud, supra,* leaves no doubt as to the obligation of the board of county commissioners to appropriate sufficient funds to pay the fees of all counsel for indigent defendants appointed under Section 2941.50, Revised Code, to the extent that such fees are fixed by either the Court of Common Pleas, the Court of Appeals or the Supreme Court and certified to the auditor.

This court has often said that a legislative body has a duty to provide for the needs of constitutional courts, as determined by those courts, which needs may exceed, but may not be limited by, legislative provision therefor. The leading case is *Zangerle* v. *Court of Common Pleas of Cuyahoga County,* 141 Ohio St. 70. In view of those cases, respondents' contention that Section 5705.28, Revised Code, requires the Court of Appeals to submit a budget estimate as an absolute prerequisite to an appropriation by the board for these duly fixed and certified fees is completely without merit. The public interest is served when courts co-operate with executive and legislative bodies in the complicated budgetary processes of government. However, such voluntary co-operation should not be mistaken for a surrender or diminution of the plenary power to administer justice which is inherent in every court whose jurisdiction derives from the Ohio Constitution.

The auditor is under a clear legal duty to issue the warrants sought here. If no appropriate fund exists the board of county commissioners is obligated to create such a fund. Therefore, relators are entitled to a writ of mandamus ordering respondent auditor to issue warrants in payment of the fixed and certified counsel fees herein, ordering the commissioners to create a fund if necessary to provide payments of any such warrants, and ordering respondent treasurer to pay such warrants upon presentation for payment.

*Writ allowed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.