The State, ex rel. Colgrove et al., *v.* Supanick, Auditor, et al.

(No. 74-202—Decided February 26, 1975.)

*Mr. Richard O. Colgrove* and *Mr. David P. Freed, in propria persona,* for relators.

*Mr. Paul H. Mitrovich,* prosecuting attorney, *Mr. Theodore R. Klammer, Messrs. Baker, Byron & Hackenberg* and *Mr. Barry M. Byron,* for respondents.

*Per Curiam.* R. C. 2941.50(A) requires a Court of Common Pleas to assign counsel at public expense to an indigent criminal defendant. R. C. 2941.51 provides that:

"Counsel assigned in a case * * * [under R. C. 2941.-50] shall be paid for their services by the county, and shall receive therefor:

"(A) In a case of murder in the first * * * degree * * * *such compensation and expenses as the trial court may approve.*"

". "* * *

"The county auditor shall draw his order on the county treasurer for the payment of such counsel in the amount fixed by the court, plus expenses as the court may fix, and certified by the court to the auditor."* (Emphasis added.)

Crim. R. 18(B)(5), in pertinent part, provides: "* * * [C]ompensation of counsel appointed * * * [for the defense of indigents] shall be allowed and paid out of the treasury of *the political subdivision in which the action originated.*" (Emphasis added.)

In view of the foregoing, this court refuses to countenance respondents' argument that Lake County may not be properly called upon to pay the appropriate fees certified to its auditor by the trial judge.

In *State, ex rel. Giuliani,* v. *Perk* (1968), 14 Ohio St. 2d 235, 236, in a *per curiam* opinion, this court said:

"We trust that this decision, when read in conjunction with *State, ex rel. Clifford, supra* [7 Ohio St. 2d 55], leaves no doubt as to the obligation of the board of county commissioners to appropriate sufficient funds to pay the fees of all counsel for indigent defendants appointed under Section 2941.50, Revised Code, to the extent that such fees are fixed by either the Court of Common Pleas, the Court of Appeals or the Supreme Court and certified to the auditor."

Inasmuch as the original jurisdiction of this court has

---

*The auditor is free to act on his own initiative in paying the fees in this case. R. C. 319.16 reads: "* * * [T]he county auditor shall issue warrants on the county treasurer for all moneys payable from the county treasury * * *. The auditor shall *not* issue a warrant for the payment of any claim against the county, *unless* it is allowed by the board of county commissioners, *except where the amount due* * * * *is allowed by an officer or tribunal so authorized by law.*" (Emphasis added.)

once again been invoked to compel intransigent county officers to exercise their clear duty, we recognize that *Giuliani* is not the final word in disputes of this nature.

We recognize also that affirmative action by this court at this time may be premature and an empty gesture, inasmuch as the Court of Common Pleas has the power to enforce its own orders.

In *State, ex rel. Steckhan,* v. *Common Pleas Court of Summit County* (1942), 140 Ohio St. 28, a writ of mandamus was sought to compel the Superintendent of Banks to perform an act as directed by the Court of Common Pleas. There, at page 33, this court said:

"* * * That court has full power to enforce its own orders and there is no reason why this court should interfere. Under such circumstances there is a remedy in the ordinary course of the law by proceedings in contempt in the lower court and a writ of mandamus will not lie."

We dispose of this case upon the basis of the foregoing holding in *Steckhan* because it is the opinion of this court that we are not compelled to issue the high prerogative writ of mandamus where relators may proceed in contempt in the courts below.

*Writ denied.*

O'NEILL, C. J., STERN, W. BROWN and P. BROWN, JJ., concur.

HERBERT, J., concurs in the judgment only.

CORRIGAN and CELEBREZZE, JJ., dissent.