THE STATE, EX REL. LABOR RELATIONS BUREAU, INC., APPELLEE, *v.* GLASS, AUDITOR, APPELLANT.

No. 78-1366—Decided June 13, 1979.)

*Messrs. Topper, Alloway, Goodman, DeLeone & Duffey* and *Mr. John ,W. Zeiger,* for appellee.
*Mr. James A. Berry,* prosecuting attorney, and *Mr. David E. Smith,* for appellant.

*Per Curiam.* R. C. 325.17 provides, in pertinent part, that:

"From moneys appropriated for their offices, the officers mentioned in section 325.27 of the Revised Code may contract for the services of fiscal and management consultants to aid them in the execution of their powers and duties."

A sheriff is one of the officers mentioned in R. C. 325.-27. The record shows that he did contract for the services of management consultants, and that on February 22, 1977, he was obligating moneys which had been lawfully appropriated for his office.

Appellant, while conceding that the contract at issue did not require prior approval by the county commissioners,* contends however, that the contract is void because the sheriff failed to comply with the provisions of R. C. 5705.-41(D), in that this contract was executed without an auditor's certificate being attached thereto, and without any determination by the auditor, prior to the execution of the contract, that funds were in fact available for payment on the contract.

This court finds, as did the court below, that R. C. 5705. 41 (D) is not applicable herein, inasmuch as Sheriff Sanders entered into the contract under the provisions of R. C. 325.17. Thus, under R. C. 319.16, appellant has a clear

---

*R. C. 319.16 provides, in pertinent part:

"* * * [T]he county auditor shall issue warrants on the county treasurer for all moneys payable from the county treasury, upon presentation of the proper order or voucher for the moneys * * *. *The auditor shall not issue a warrant* for the payment of any claim against the county, unless it is allowed by the board of county commissioners, *except where the amount due is fixed by law or is allowed by an officer or tribunal so authorized by law.*" (Emphasis added.)

328

legal duty to issue the warrant herein. See *State, ex rel. Giuliani,* v. *Perk* (1968), 14 Ohio St. 2d 235; and *State, ex rel. Colgrove,* v. *Supanick* (1975), 41 Ohio St. 2d 141.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES. JJ., concur.