THE STATE EX REL. MAHONING COUNTY COMMISSIONERS *v.* MALONEY, JUDGE.

[Cite as *State ex rel. Mahoning Cty. Commrs. v. Maloney,*
100 **Ohio St.3d 248, 2003-Ohio-5770.**]

(No. 2003–1608—Submitted October 7, 2003—Decided November 12, 2003.)

**Per Curiam.**

{¶ 1} In 2002, Elizabeth Sublette, the Director of the Mahoning County Office of Management and Budget, sent budget forms for 2003 to county offices, including the Mahoning County Court of Common Pleas, Probate Division, and instructed the offices to submit the completed forms by September 30, 2002. In accordance with his usual practice, respondent, Judge Timothy P. Maloney of the probate court, did not comply with the county's request for budget forms.

{¶ 2} Instead, on December 17, 2002, Judge Maloney entered a judgment ordering relators, Mahoning County Commissioners, to appropriate $922,196 for the probate court's 2003 budget. On December 19, 2002, the commissioners appropriated $750,000 to the probate court for 2003.

{¶ 3} On January 27, 2003, in case No. 2003–0171, Judge Maloney filed a complaint in this court for a writ of mandamus to compel the commissioners to appropriate the $922,196 he had ordered for his 2003 probate court budget. Following unsuccessful mediation, Judge Maloney's case was consolidated with case No. 2003–0172, a similar case involving the 2003 juvenile court budget.

{¶ 4} While these cases were pending, in August 2003, Sublette informed the various county entities, including the probate court, of the commissioners' budget hearings for 2004. The commissioners set a hearing date on the 2004 budgets for

the probate court, the county courts, and the clerk of courts for 7:00 p.m. on October 7, 2003. Judge Maloney never advised the commissioners that he could not attend the October 7 hearing or requested that the commissioners change the hearing date.

{¶ 5} On August 26, 2003, Judge Maloney entered a judgment setting a budget hearing for the probate court's 2004 budget for September 18, 2003. Judge Maloney ordered the commissioners to attend the hearing and to produce "all records and memoranda required to allow the Court and the Commissioners to have a meaningful hearing concerning the Court's 2004 appropriation."

{¶ 6} On September 10, 2003, the commissioners filed this action for a writ of prohibition to prevent Judge Maloney from conducting the September 18 budget hearing. The commissioners also sought a writ of prohibition preventing Judge Maloney from ordering them to appear before him for a budget hearing or be cited in contempt for failing to appear. The commissioners additionally moved for an expedited alternative writ.

{¶ 7} On September 17, 2003, we sua sponte stayed Judge Maloney's September 18, 2003 budget hearing "pending announcement of this court's opinion in case Nos. 2003–0171 and 2003–0172, disposing of the issues presented in case No. 2003–1608." 100 Ohio St.3d 1402, 2003-Ohio-4901, 795 N.E.2d 1246. On September 25, 2003, we decided case Nos. 2003–0171 and 2003–0172, and granted Judge Maloney a writ of mandamus to compel the commissioners to appropriate the $922,196 he had ordered for the probate court's 2003 budget. *State ex rel. Maloney v. Sherlock*, 100 Ohio St.3d 77, 2003-Ohio-5058, 796 N.E.2d 897.

{¶ 8} This cause is now before us for our determination under S.Ct.Prac.R. X(5) and our consideration of Judge Maloney's motion to dismiss.

## Mootness

{¶ 9} We stayed Judge Maloney's September 18 budget hearing pending the announcement of case Nos. 2003–0171 and 2003–0172. Our decision in those cases, however, does not render this case moot.

{¶ 10} Case Nos. 2003–0171 and 2003–0172 involved the *2003 budget orders* of Judge Maloney and the juvenile court judge. This case involves the *2004 budget process* for the probate court. Therefore, our resolution of Judge Maloney's claims in case No. 2003–0171 does not resolve the commissioners' claims in this case. Moreover, none of the parties argues that this case would be rendered moot by the holding in case No. 2003–0171. Consequently, we proceed to our S.Ct.Prac.R. X(5) determination.

S.Ct.Prac.R. X(5) Determination

{¶ 11} We must now determine whether dismissal or the issuance of an alternative or a peremptory writ is warranted. S.Ct.Prac.R. X(5). In order to be entitled to the requested writ, the commissioners must establish that (1) Judge Maloney is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is not authorized by law, and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. *State ex rel. Illuminating Co. v. Cuyahoga Cty. Court of Common Pleas,* 97 Ohio St.3d 69, 2002-Ohio-5312, 776 N.E.2d 92, ¶ 14.

{¶ 12} Moreover, "[i]f an inferior court patently and unambiguously lacks jurisdiction over the cause, a writ of prohibition will be granted to prevent the future unauthorized exercise of jurisdiction and to correct the results of previous jurisdictionally unauthorized actions." *State ex rel. Wilkinson v. Reed,* 99 Ohio St.3d 106, 2003–Ohio–2506, 789 N.E.2d 203, ¶ 14.

{¶ 13} R.C. 2101.11(B)(2) expressly vests exclusive authority in the county commissioners to conduct a budget hearing on a probate judge's appropriation request:

{¶ 14} "The probate judge annually shall submit a written request for an appropriation to the board of county commissioners that shall set forth estimated administrative expenses of the court, including the salaries of appointees as determined by the judge and any other costs, fees, and expenses * * * that the judge considers reasonably necessary for the operation of the court. *The board shall conduct a public hearing with respect to the written request submitted by the judge* and shall appropriate such sum of money each year as it determines, after conducting the public hearing and considering the written request of the judge, is reasonably necessary to meet all the administrative expenses of the court, including the salaries of appointees as determined by the judge and any other costs, fees, and expenses, including, but not limited to, the costs, fees, and expenses enumerated in section 5123.96 of the Revised Code." (Emphasis added.)

{¶ 15} Although we have held other portions of R.C. 2101.11(B)(2) unconstitutional because they permit the board of county commissioners to substitute its judgment for that of the court and improperly place the burden on the probate court to prove that its request is reasonably necessary, we have not found the statute's requirement of a budget hearing by the board to be unconstitutional.

{¶ 16} We have also held that judges have inherent authority to order funding that is reasonable and necessary to the court's administration of its business. *State ex rel. Morley v. Lordi* (1995), 72 Ohio St.3d 510, 511, 651 N.E.2d 937.

{¶ 17} Nevertheless, courts should cooperate with the executive and legislative bodies in the budget process. *State ex rel. Wilke v. Hamilton Cty. Bd. of*

*Commrs.* (2000), 90 Ohio St.3d 55, 63, 734 N.E.2d 811. While this cooperation does not diminish a court's plenary authority, id., it also does not permit a court to infringe the legislative budget process. Cf., e.g., *State ex rel. Arbaugh v. Richland Cty. Bd. of Commrs.* (1984), 14 Ohio St.3d 5, 7–8, 14 OBR 311, 470 N.E.2d 880 (Holmes, J., concurring in part and dissenting in part) ("It is true that the relator-appellant must be allowed to carry out his judicial duties free from interference by his governmental partners. However, he must adhere to recognized budgetary procedures in requesting county funds for the operation of his court.").

{¶ 18} Conducting a budget hearing is a manifestly legislative function. See *State ex rel. Giuliani v. Perk* (1968), 14 Ohio St.2d 235, 237, 43 O.O.2d 366, 237 N.E.2d 397 ("a legislative body has a duty to provide for the needs of constitutional courts"). Courts, including Judge Maloney's probate court, should therefore cooperate with the legislative budget process. By attempting instead to usurp the legislative function of conducting a budget hearing, Judge Maloney acted in a patently and unambiguously unauthorized manner. See, e.g., *State ex rel. State v. Lewis*, 99 Ohio St.3d 97, 2003-Ohio-2476, 789 N.E.2d 195, ¶ 31, where we granted a peremptory writ of prohibition, quoting *DeRolph v. State* (1997), 78 Ohio St.3d 193, 213, 677 N.E.2d 733, fn. 9 (" 'We refuse to encroach upon the clearly legislative function of deciding what the new legislation will be' ").

{¶ 19} Based on the foregoing, we grant a writ of prohibition to prevent Judge Maloney from conducting a budget hearing or ordering the commissioners to appear for any such hearing.

Writ granted.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————

Paul G. Gains, Mahoning County Prosecuting Attorney, and Linette M. Stratford, Chief Assistant Prosecuting Attorney, Civil Division, for relators.

John B. Juhasz and Mary Jane Stephens, for respondent.