THE STATE EX REL. GAINS, PROS. ATTY., *v.* MALONEY, JUDGE.

[Cite as *State ex rel. Gains v. Maloney,*
102 Ohio St.3d 254, 2004-Ohio-2658.]

(No. 2003–2118—Submitted April 13, 2004—Decided June 9, 2004.)

———————

**Per Curiam.**

{¶ 1} In four separate probate cases, respondent, Judge Timothy Maloney of the Mahoning County Court of Common Pleas, Probate Division, found attorney

Richard D. Goldberg[1] guilty of criminal contempt for failing to account for or distribute wrongful-death settlement proceeds. Judge Maloney sentenced Goldberg to prison. On appeal, the court of appeals affirmed the judgments. *In re Estate of Hunter*, Mahoning App. No. 00 CA 107, 2003-Ohio-1435, 2003 WL 1473696, appeal not accepted, 99 Ohio St.3d 1467, 2003-Ohio-3669, 791 N.E.2d 983; *In re Estate of Mercurio*, Mahoning App. No. 00 CA 108, 2003-Ohio-1437, 2003 WL 1473694, appeal not accepted, 99 Ohio St.3d 1467, 2003-Ohio-3669, 791 N.E.2d 983; *In re Estate of Williams*, Mahoning App. No. 00 CA 109, 2003-Ohio-1436, 2003 WL 1473695, appeal not accepted, 99 Ohio St.3d 1455, 2003-Ohio-3396, 790 N.E.2d 1219; *In re Estate of Lanning*, Mahoning App. No. 00 CA 110, 2003-Ohio-1438, 2003 WL 1473636, appeal not accepted, 99 Ohio St.3d 1467, 2003-Ohio-3669, 791 N.E.2d 983.

{¶ 2} In October 2003, Goldberg filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Ohio, Eastern Division. Goldberg named Judge Maloney and Mahoning County Sheriff Randall Wellington as respondents. On October 30, 2003, the district court conducted a telephone conference in which relator, Mahoning County Prosecuting Attorney Paul J. Gains, participated. On December 1, 2003, after the district court set a pleading and briefing schedule, Gains and his office filed a motion to dismiss on behalf of Judge Maloney and Sheriff Wellington.

{¶ 3} On December 2, 2003, Judge Maloney appointed a private law firm to represent him in the habeas corpus case. Judge Maloney did so because Gains represented the Mahoning County Commissioners on budgetary orders:

{¶ 4} "Richard D. Goldberg has filed a Petition for Writ of Habeas Corpus in the United State[s] District Court for the Northern District of Ohio, Eastern Division (Case No. 4:03 CB [sic, "CV"] 2190). The undersigned Judge is named as a Respondent therein. The Court further finds that it's [sic] statutorily designated legal representative, *the Mahoning County Prosecutor's Office, is unable to represent this Court because of unrelated, ongoing conflicts in his representation of the Mahoning County Commissioners with respect to budgetary orders.* Accordingly, * * *

{¶ 5} "IT IS ORDERED, ADJUDGED and DECREED that the law firm of Montgomery, Rennie, and Jonson be and is hereby retained and appointed to represent the Court as legal counsel in all matters now pending before the United State[s] District Court, for the Northern District of Ohio, Eastern Division, in the case captioned as *Richard D. Goldberg, Petitioner, v. Judge Timothy P. Maloney, et al., Respondents.*" (Emphasis added.)

---

1. In February 2002, we permanently disbarred Goldberg from the practice of law in Ohio. *Disciplinary Counsel v. Goldberg* (2002), 94 Ohio St.3d 337, 763 N.E.2d 119.

{¶ 6} When Judge Maloney appointed the private law firm as his attorney in the habeas case, cases involving budget disputes between Judge Maloney and the Mahoning County Commissioners had concluded. See *State ex rel. Maloney v. Sherlock*, 100 Ohio St.3d 77, 2003-Ohio-5058, 796 N.E.2d 897 (writ of mandamus granted on September 25, 2003, to compel county commissioners to appropriate funds requested by Judge Maloney in his probate court budget order for 2003); *State ex rel. Mahoning Cty. Commrs. v. Maloney*, 100 Ohio St.3d 248, 2003-Ohio-5770, 797 N.E.2d 1284 (writ of prohibition granted on November 12, 2003, to prevent Judge Maloney from conducting a 2004 budget hearing or ordering commissioners to appear for any hearing). In these budget-dispute cases, Gains represented the commissioners, and private counsel represented Judge Maloney.

{¶ 7} While the budget-dispute cases were pending, Gains and his office refrained from representing Judge Maloney in other cases in which he was a party because of the conflict of interest arising from Gains's representation of the commissioners in the budget-dispute cases.

{¶ 8} On December 11, 2003, Gains filed this action for a writ of prohibition to prevent Judge Maloney from appointing outside counsel to represent the judge in the habeas corpus case. Judge Maloney failed to respond to Gains's complaint, and the court granted an alternative writ. 101 Ohio St.3d 1420, 2004-Ohio-123, 802 N.E.2d 152.

{¶ 9} This cause is now before the court on the merits.

{¶ 10} Gains contends that Judge Maloney patently and unambiguously lacked jurisdiction to appoint outside counsel to represent him in the habeas corpus case. "If an inferior court patently and unambiguously lacks jurisdiction over the cause, a writ of prohibition will be granted to prevent the future unauthorized exercise of jurisdiction and to correct the results of previous jurisdictionally unauthorized actions." *State ex rel. Wilkinson v. Reed*, 99 Ohio St.3d 106, 2003-Ohio-2506, 789 N.E.2d 203, ¶ 14.

{¶ 11} Because neither the pertinent statutes nor precedent authorized Judge Maloney to appoint outside counsel in the habeas corpus case, we grant the requested writ of prohibition.

{¶ 12} The applicable statutes did not empower Judge Maloney to appoint outside counsel to represent him in the habeas corpus case. Under R.C. 309.09(A), "[t]he prosecuting attorney shall be the legal adviser of the board of county commissioners, board of elections, and all other county officers and boards * * *." R.C. 309.09(A) further provides, "The prosecuting attorney shall prosecute and defend all suits and actions which any such officer or board directs or to which it is a party, and *no county officer may employ any other counsel or attorney at the expense of the county, except as provided in section 305.14 of the Revised Code*." (Emphasis added.) Judge Maloney, as a judge of a division of the

court of common pleas, is a county officer for purposes of the R.C. 309.09 prohibition against employing outside counsel. See, e.g., 1998 Ohio Atty.Gen.Ops. No. 98–005 (juvenile court); see, also, *State ex rel. Wilke v. Hamilton Cty. Bd. of Commrs.* (2000), 90 Ohio St.3d 55, 65, 734 N.E.2d 811 (probate court).

{¶ 13} In turn, R.C. 305.14 provides an exception to the R.C. 309.09 prohibition by allowing a common pleas court to authorize the board of county commissioners to employ legal counsel besides or in addition to the prosecuting attorney "upon the application of the prosecuting attorney and the board of county commissioners." Neither Gains nor the Mahoning County Board of Commissioners applied for the appointment of outside counsel to represent Judge Maloney in the habeas corpus case, and the common pleas court—the general division—never authorized Judge Maloney to appoint outside counsel. Cf. *Wilke,* 90 Ohio St.3d at 64, 734 N.E.2d 811 ("Although the board refused to join in the [prosecutor's R.C. 305.14] application, the common pleas court granted it and authorized the probate court to employ private counsel for this dispute").

{¶ 14} Moreover, Judge Maloney was not authorized to appoint his own outside counsel in the habeas corpus case based on his inherent authority. "A judge has the inherent authority to order a legislative body to provide funding necessary for the efficient administration of the court, including funding private counsel to represent the court." *Wilke,* 90 Ohio St.3d at 65, 734 N.E.2d 811, citing *State ex rel. Donaldson v. Alfred* (1993), 66 Ohio St.3d 327, 331, 612 N.E.2d 717. But while "courts have inherent power to regulate the practice of law before them and protect the integrity of their proceedings, and courts also have jurisdiction, under R.C. 305.14 to determine whether a conflict of interest exists," courts are " 'powerless to act' " " '[i]f * * * the board seeking independent counsel cannot show a conflict of interest' " and both the board of commissioners and the prosecutor do not authorize the appointment. (Citation omitted.) *State ex rel. Sartini v. Yost,* 96 Ohio St.3d 37, 2002-Ohio-3317, 770 N.E.2d 584, ¶ 32, quoting *State ex rel. Jefferson Cty. Children Serv. Bd. v. Hallock* (1986), 28 Ohio St.3d 179, 184, 28 OBR 269, 502 N.E.2d 1036 (Douglas, J., dissenting).

{¶ 15} No conflict of interest precludes Gains from representing Judge Maloney in the habeas corpus case. Judge Maloney appointed outside counsel to represent him in that case because of "unrelated, ongoing conflicts in his representation of the Mahoning County Commissioners with respect to budgetary orders." The cases arising from budgetary orders, however, had concluded well before Judge Maloney issued his December 2, 2003 order appointing private counsel. *Maloney,* 100 Ohio St.3d 77, 2003-Ohio-5058, 796 N.E.2d 897; *Mahoning Cty. Commrs.,* 100 Ohio St.3d 248, 2003-Ohio-5770, 797 N.E.2d 1284. Even a request of Judge Maloney's outside counsel for fees covering their representation of him in *Maloney* was essentially resolved by December 2, 2003. Additional cases cited by Judge Maloney in his merit brief are cases in which Gains did not

represent Judge Maloney because they were filed during the pendency of the budget-related cases.

{¶ 16} Judge Maloney has introduced no credible evidence in this case supporting his assertion that a conflict of interest existed when he appointed outside counsel to represent him in the habeas corpus case. Gains refers to an affidavit of Judge Maloney in his merit brief, and Judge Maloney claims in his merit brief that Gains never contacted him about assuming his representation in the habeas corpus case. No such affidavit, however, was timely filed in this case, and no evidence supports Judge Maloney's assertions. We will not consider evidence not properly before us. Therefore, under *Sartini,* 96 Ohio St.3d 37, 2002-Ohio-3317, 770 N.E.2d 584, ¶ 32, Judge Maloney patently and unambiguously lacked jurisdiction to appoint outside counsel.

{¶ 17} Finally, Judge Maloney's assertion that Gains is not entitled to the writ because he is not injured by the December 2, 2003 order is meritless. In a comparable context, the court granted a writ of prohibition to a county prosecutor and county commissioners to prevent a judge from enforcing an order requiring the county to pay for outside counsel to represent the county auditor in an underlying action after the judge had determined that any conflict of interest caused by the prosecutor's representation had been waived. *Sartini,* 96 Ohio St.3d 37, 2002-Ohio-3317, 770 N.E.2d 584, ¶ 32. Judge Maloney's reliance on *State ex rel. Corrigan v. Seminatore* (1981), 66 Ohio St.2d 459, 20 O.O.3d 388, 423 N.E.2d 105, to assert otherwise is misplaced because in that case, the prosecutor admitted that a conflict of interest existed, which is not the case here.

{¶ 18} Consequently, we grant the requested writ of prohibition. Our conclusion does not diminish the salutary purpose behind courts' inherent power to issue orders for reasonable and necessary expenses, which is to permit courts to be free from excessive control by other governmental branches to ensure their independence and autonomy under the separation-of-powers doctrine. *Wilke,* 90 Ohio St.3d at 60–61, 734 N.E.2d 811; see, also, *State ex rel. O'Connor v. Davis* (2000), 139 Ohio App.3d 701, 712, 745 N.E.2d 494, fn. 6. Instead, in the absence of a conflict of interest on the part of the prosecuting attorney, our holding encourages cooperation between the branches in representing government officers and agencies envisioned by R.C. 309.09 and 305.14(A). Cf. *Mahoning Cty. Commrs.,* 100 Ohio St.3d 248, 2003-Ohio-5770, 797 N.E.2d 1284, ¶ 17 ("courts should cooperate with the executive and legislative bodies in the budget process"). Nothing indicates that Gains will be unable to represent Judge Maloney competently and zealously in the habeas corpus case.

Writ granted.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

Paul J. Gains, Mahoning County Prosecuting Attorney, and Linette M. Stratford, Chief Assistant Prosecutor, Civil Division, for relator.

Montgomery, Rennie & Jonson, Ralph E. Burnham and Hope A. Smith, for respondent.