{¶ 43} I concur to add that this is not the first time we have been faced with the probate court's attempts to inject itself into appellate cases where he is not a party. In prior cases, the probate court hired private counsel to file motions to reconsider our appellate decisions overturning his judgments. See, e.g., In re Traynor (Mar. 17, 2005), 7th Dist. Nos. 03MA253-259, 262. For instance, in Traynor, we denied the probate court's motion to reconsider, but reserved for the present case our ruling on the probate court's ability to hire substitute counsel "for the estate" in order to support its judgments.
 {¶ 44} We now hold that the probate court cannot support its judgment on appeal by forcing counsel on an estate. The probate court is not without limits and must restrain itself to act within its bounds. On this topic of restraint, the Ohio Supreme Court recently informed this probate court that its "inherent" authority is not limitless. State ex rel. Gainsv. Maloney, 102 Ohio St.3d 254, 2004-Ohio-2658. In that case, the Supreme Court determined that the probate court violated the statutory requirements for obtaining outside counsel to replace the county prosecutor's office as its representative in a case against the court. Id. See, also, State ex rel. Goldberg v. Mahoning County Probate Court
(2001), 93 Ohio St.3d 160 (where the Court granted a writ of prohibition due to this probate court's overreaching its jurisdiction and acting outside its boundaries).
 {¶ 45} Here, the court is clearly not a party, but is masquerading as one behind an appointed attorney whose performance details are preordained by probate court mandate. Although the probate court appointed counsel "in the name of the estate," such estate had their own attorney and refused such additional counsel and the additional fees and costs that accompany with this appointment.
 {¶ 46} Only a party can appeal our decision. See S.Ct. R. II, Sec. 2 (A)(2)(a). See, also, App.R. 3(D), (E); App.R. 4(A). A probate court cannot appeal an appellate decision that reverses its judgment; nor can the probate court file a brief in support of its judgment in an appeal taken by a party. See Id. The probate court's action here is essentially an attempt to appeal our prior decision, albeit by way of a more circuitous route. Under the facts and circumstances presented supra, the probate court has no authority to appoint substitute counsel for an estate and then directly require that such appointed counsel file an appeal where the estate's representative/sole beneficiary and the estate's actual counsel have decided not to pursue an appeal to the Ohio Supreme Court.
 {¶ 47} In conclusion, the probate court may disagree with a decision of this court or any other court which is constitutionally considered a superior court. Unless the court is a named party, that disagreement does not translate into a right to appeal that decision, either directly or through a subterfuge, such as attempted here.