OPINION AND JOURNAL ENTRY
{¶ 1} Relator, Attorney Richard D. Goldberg, has filed with this court an original action in prohibition against Respondent, Probate Judge Timothy Maloney, in order to bar the probate court from proceeding with a hearing in the concealment action relating to the case of Dietz v. Goldberg 1999 CI 00045 set for April 6, 2005. In response, Respondent has filed a motion to dismiss the petition for failure to state a claim. For the following reasons, we deny the motion to dismiss and grant the writ of prohibition.
 {¶ 2} Because a writ of prohibition is relief extraordinary in nature, the decision to grant a writ is subject to much caution and restraint. State ex rel. Henry v. Britt (1981),67 Ohio St.2d 71, 73. In order to be entitled to a writ of prohibition, Goldberg must establish that Judge Maloney is about to exercise judicial or quasi-judicial power, the exercise of that power is not authorized by law, and denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. State ex rel. Mahoning Cty. Commrs. v.Maloney (2003), 100 Ohio St.3d 248, 250. Furthermore, prohibition will not lie unless Goldberg clearly demonstrates that Judge Maloney has no jurisdiction of the cause to be adjudicated or the trial judge is about to exceed the court's jurisdiction. State ex rel. Ellis v. McCabe (1941),138 Ohio St 417.
 {¶ 3} With regard to the second and third elements of a prohibition action, the Ohio Supreme Court has stated that if a trial court has general subject-matter jurisdiction over a cause of action, the court can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy by way of appeal. State ex rel. Enyart v. O'Neill (1995),71 Ohio St.3d 655, 656. Accordingly, the existence of the right to appeal a jurisdictional determination will generally foreclose the issuance of a writ of prohibition. State ex rel. Ragozine v.Shaker (Dec. 28, 2001), 11th Dist. No. 2001-T0-122.
 {¶ 4} However, the Ohio Supreme Court has also recognized an exception to this general rule. "[W]here an inferior court patently and unambiguously lacks jurisdiction over the cause * * * prohibition will lie to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." State ex rel. Fogle v.Steiner (1995), 74 Ohio St.3d 158, 161, citing State ex rel.Lewis v. Moser (1995), 72 Ohio St.3d 25, 28. Thus, if the inferior court's lack of jurisdiction is patent and unambiguous, the Relator is no longer required to establish the lack of an adequate legal remedy. State ex rel. Rogers v. McGee Brown
(1997), 80 Ohio St.3d 408, 410.
 {¶ 5} Here, Goldberg is claiming that the probate court has exceeded its jurisdiction in proceeding with a concealment action against him for multiple reasons. First, he asserts that the action was automatically stayed by his filing for bankruptcy. He additionally claims that the action should be barred as it would constitute double jeopardy. We do not need to reach these issues, however, as we find Goldberg's remaining claim to be dispositive in this case. More specifically, Goldberg claims "[t]he inquiry Respondent seeks to make is outside the scope of a concealment proceeding and thus outside of the court's jurisdiction." We agree.
 {¶ 6} A probate court is a court of limited jurisdiction, and may entertain only those types of actions that the General Assembly permits. Schucker v. Metcalf (1999), 22 Ohio St.3d 33,34. R.C. 2109.50 provides:
 {¶ 7} "Upon complaint made to the probate court of the county having jurisdiction of the administration of a trust estate or of the county wherein a person resides against whom the complaint is made, by a person interested in such trust estate or by the creditor of a person interested in such trust estate against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, chattels, or choses in action of such estate, said court shall, by citation, attachment or warrant, or, if circumstances require it, by warrant or attachment in the first instance, compel the person or persons so suspected to forthwith appear before it to be examined, on oath, touching the matter of the complaint."
 {¶ 8} This section confers upon the probate court jurisdiction to conduct summary proceedings to discover and retrieve specific property or the proceeds or value thereof that belong to a trust estate. In re Estate of Black (1945),145 Ohio St. 405, paragraph one of the syllabus. Notably, the statute may not be used as a substitute for an action in the general division of the common pleas court to collect a debt due a decedent, for an accounting and judgment for any balance found due, or to adjudicate rights under a contract. In re Estate ofLeiby (1952), 157 Ohio St. 374, paragraph one of the syllabus.
 {¶ 9} As this Court explained in Harrison v. Faseyitan159 Ohio App.3d 325, 2004-Ohio-6808, this typically means that if a defendant takes a person's money before death or before institution of a guardianship, then a concealment action is not the appropriate remedy because the money was not taken from the estate. Rather, it was taken from an individual before the existence of an estate. On the other hand, if a defendant takes a person's money after that person died or after that person became a ward, meaning that an estate was in existence at the time the money was taken, then a concealment action is proper.
 {¶ 10} In the present case, Judge Maloney has instituted a concealment action to recover funds given to Goldberg after the settlement of a medical malpractice action in which he represented Michael Joseph Kish, an incompetent minor. Despite his client's age and mental condition, Goldberg did not establish an estate or guardianship for the boy and his father nor did he attempt to do so. Although we find Goldberg's inaction to be quite troubling, we cannot deny a writ of prohibition based upon what Goldberg should have done.
 {¶ 11} If Goldberg had properly instituted or attempted to institute guardianship proceedings in the probate court prior to settling the case, the attorney fees could have arguably become assets of the Kish estate. R.C. 2111.04(D), a probate statute dealing specifically with guardianships, brings any assets disposed of before creation of the estate back into the estate. However, this statute only operates to recover funds where proceedings to establish a guardianship have been instituted in the probate court. This statute specifies:
 {¶ 12} "From the service of the notice [of the incompetency/guardianship hearing] until the hearing, no sale, gift, conveyance, or encumbrance of the property of an alleged incompetent shall be valid as to persons having notice of the proceeding." R.C. 2111.04(D).
 {¶ 13} Clearly, this statute does not apply in the present situation. The funds in dispute were passed to Goldberg prior to the establishment of a guardianship. In fact, in the complaint initiating the concealment action, it was alleged by the guardian that Goldberg had failed to initiate the proper probate proceedings before accepting large sums of money on behalf of his client. Accordingly, any money taken by Goldberg in exchange for his legal services would not constitute estate funds as they were never passed through an estate. Given these facts, we find the concealment action instituted by Judge Maloney to be improper as he is attempting to adjudicate rights under a private contract more appropriately brought in a common pleas court.
 {¶ 14} Although Judge Maloney has general subject matter jurisdiction over concealment actions, he has exceeded that jurisdiction by proceeding with a concealment action when no probate assets are involved. Accordingly, as jurisdiction in this case is patently and unambiguously lacking, we grant the requested writ of prohibition and order Judge Maloney to cease all further action in this case.
 {¶ 15} Costs of this proceeding taxed against Respondent. Final order. Clerk to serve notice as provided by the Civil Rules.
DeGenaro, J., concurs.
Gwin, J., concurs. See concurring opinion.
Reader, J., concurs.