OPINION
{¶ 1} Appellant, Delores Karnofel, appeals from the April 1, 2008 and June 4, 2008 judgment entries of the Trumbull County Court of Common Pleas, dismissing with prejudice the action against appellee, Lance Armstrong Foundation, and denying her motion for reconsideration. *Page 2 
 {¶ 2} On May 18, 2007, appellant filed a pro se complaint for negligence against her nephew, defendant Marshall D. Beck, A Minor ("Beck"), alleging that on May 21, 2005, she received eye injuries due to Beck shooting a yellow Lance Armstrong "Live Strong" bracelet at her.[1] In her complaint, appellant demanded $100,000 in compensatory damages and $150,000 in punitive damages, plus interest and costs. After obtaining leave, Beck filed an answer to appellant's complaint on August 16, 2007. Appellant filed a pro se response on August 27, 2007.
 {¶ 3} On December 31, 2007, appellant filed a pro se amended complaint, adding appellee as a named defendant. Beck filed an answer to the amended complaint on January 14, 2008. Appellant filed a pro se response to Beck's answer on January 18, 2008. Appellee filed a motion to dismiss pursuant to Civ. R. 12(B)(6) on February 5, 2008, indicating that the action was barred by the two-year statute of limitations. Appellant filed pro se objections on March 26, 2008.
 {¶ 4} Pursuant to its April 1, 2008 judgment entry, the trial court dismissed with prejudice the action against appellee.[2] Appellant filed a motion for reconsideration on April 7, 2008. Pursuant to its June 4, 2008 judgment entry, the trial court denied appellant's motion for reconsideration, indicating "[t]his is a final appealable order with no just cause for delay." It is from the foregoing judgment entries that appellant filed a timely notice of appeal and makes the following assignments of error: *Page 3 
 {¶ 5} "[1.] The trial court abused its discretion when it issued a decision that was not based on reliable evidence.
 {¶ 6} "[2.] Appellant's due process rights were denied, a violation of the Fourteenth Amendment, Section I to the United States Constitution."
 {¶ 7} In her first assignment of error, appellant argues that the trial court erred by issuing a decision that was not based on reliable evidence.
 {¶ 8} A defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted, according to Civ. R. 12(B)(6). An appellate court's review of a dismissal under Civ. R. 12(B)(6) is de novo. West v. Sheets, 11th Dist. No. 2001-L-183, 2002-Ohio-7143, at ¶ 9, citing Mitchell v. Speedy Car X, Inc. (1998), 127 Ohio App.3d 229,231. In order for a court to dismiss a complaint under Civ. R. 12(B)(6), "`* * * it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.'" Taylor v.London (2000), 88 Ohio St.3d 137, 139, quoting O'Brien v. Univ.Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, syllabus. "`A complaint should not be dismissed for failure to state a claim merely because the allegations do not support the legal theory on which the plaintiff relies. Instead, a trial court must examine the complaint to determine if the allegations provide for relief on any possible theory.'" Firstmerit Corp. v. Convenient Food Mart, Inc. (Mar. 7, 2003), 11th Dist. No. 2001-L-226, 2003-Ohio-1094, at ¶ 7, quotingFahnbulleh v. Strahan (1995), 73 Ohio St.3d 666, 667. Thus, "[i]n construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. *Page 4 
 {¶ 9} The affirmative defense of statute of limitations is generally not properly raised in a Civ. R. 12(B)(6) motion, as it usually requires reference to materials outside the complaint. Steiner v. Steiner (1993),85 Ohio App.3d 513, 518. Only when it is apparent from the face of the complaint, may such an affirmative defense be raised in a Civ. R. 12(B)(6) motion. Helman v. EPL Prolong, Inc. (2000),139 Ohio App.3d 231, 241. The complaint must show the relevant statute of limitations and the absence of factors which would toll the statute or make it inapplicable. Id.
 {¶ 10} In the case at bar, appellant alleges that she sustained bodily injuries caused by negligence. A negligence claim resulting in bodily injury is codified in R.C. 2305.10(A), which provides in pertinent part: "* * * an action for bodily injury * * * shall be brought within two years after the cause of action accrues."
 {¶ 11} Here, the limitations period began to run on May 21, 2005, the date which appellant claimed she was injured. Appellant named appellee as a party for the first time in her pro se amended complaint, which was filed on December 31, 2007. Because appellant's amended complaint against appellee was filed more than seven months beyond the expiration of the two-year statute of limitations period, it was properly dismissed by the trial court.
 {¶ 12} In addition, appellant seems to argue that Civ. R. 15(C) permits the allegations made against appellee in her amended complaint to relate back to the filing of the original complaint.
 {¶ 13} Civ. R. 15(C) states: "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the *Page 5 
date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."
 {¶ 14} In the instant matter, the claims made by appellant against appellee arise out of the same occurrence as set forth in the original complaint against Beck. However, appellee did not receive notice of the institution of the action within the time period prescribed by law. Thus, neither of the remaining elements in Civ. R. 15(C) is satisfied.
 {¶ 15} Also, the record does not establish any mistaken identity that would permit appellant's allegations against appellee to relate back to the original filing date. See Kraly v. Vannewkirk (1994),69 Ohio St.3d 627, 631-632 (holding "that Ohio Civ. R. 15(C) may be employed to substitute a party named in the amended pleading for a party misidentified in the original pleading to permit the amended pleading to relate back to the date of the original pleading provided the requirements of the rule are otherwise satisfied. However, the rule may not be employed to assert a claim against an additional party while retaining a party against whom a claim was asserted in the original pleading.")
 {¶ 16} Based on the foregoing, appellant's allegations against appellee do not relate back to the date of the original complaint. *Page 6 
 {¶ 17} Appellant's first assignment of error is without merit.
 {¶ 18} In her second assignment of error, appellant contends that she was denied her rights to due process because the trial court erred by dismissing appellee from the case. She maintains that the trial court overlooked appropriate dates and contents of her pleadings.
 {¶ 19} Here, a thorough review of the record does not reveal that the trial court overlooked any appropriate dates and/or contents of appellant's pleadings. As previously addressed in appellant's first assignment of error, because the trial court properly granted appellee's motion to dismiss, there was no deprivation of appellant's due process rights.
 {¶ 20} Appellant's second assignment of error is without merit.
 {¶ 21} For the foregoing reasons, appellant's assignments or error are not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed. It is the further order of this court that costs are waived since appellant appears from the record to be indigent. The court finds that there were reasonable grounds for this appeal.
DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., concur.
[1] The complaint was filed against eleven-year-old Beck, via his mother and father, Donna and Douglas Beck. Neither Beck nor his parents are named parties to the instant appeal.
[2] The trial court did not include Civ. R. 54(B) language in its entry. *Page 1