[Cite as *State ex rel. Cochran v. Boardman Twp. Bd. of Trustees*, 196 Ohio App.3d 185, 2011-Ohio-4255.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO ex rel.<br>COCHRAN, | ) | |
| | ) | |
| | ) | CASE NO. 10 MA 123 |
| | ) | |
| V. | ) | OPINION |
| | ) | AND |
| BOARDMAN TOWNSHIP BOARD OF | ) | JUDGMENT ENTRY |
| TRUSTEES et al. | ) | |

CHARACTER OF PROCEEDINGS:  Petition for Writ of Mandamus.

JUDGMENT:  Petition Denied.

APPEARANCES:

Nancy Grim, for relator.

Gregory A. Beck and James F. Mathews, for respondents, Boardman Township Board of Trustees.

Daniel Leffler, for Ohio Patrolmen's Benevolent Association.

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated:  August 19, 2011

PER CURIAM.

{¶ 1}  Relator, Jack Cochran, filed a petition for a writ of mandamus, seeking an order compelling respondent, the Boardman Township Board of Trustees, to promote Cochran, then a Boardman Township police sergeant, to the rank of lieutenant, effective May 19, 2010, along with an order directing the board of trustees to compensate him for all back pay, benefits, attorney fees, and costs.  The Ohio Patrolman's Benevolent

Association ("OPBA"), the union representing Boardman Township police officers, intervened as a respondent. The parties filed stipulations of fact along with cross-motions for summary judgment. For the following reasons, we deny Cochran's summary-judgment motion, grant summary judgment in favor of the board of trustees and the OPBA, and deny the writ.

**Facts and Procedural Background**

{¶ 2} Relator Cochran was a sergeant for the Boardman Township Police Department and is a member of respondent OPBA's bargaining unit. Respondent Boardman Township Board of Trustees is the appointing authority for positions and vacancies within the Boardman Township Police Department. During the time pertinent to this lawsuit, the OPBA and the board of trustees were party to a collective-bargaining agreement.

{¶ 3} On December 11, 2008, the Township Civil Service Commission held a competitive promotional examination to determine an eligibility list for promotion to the rank of lieutenant for the police department. Cochran received the highest score on this examination, and on January 21, 2009, the Civil Service Commission certified an eligibility list for lieutenant based upon that exam, which listed Cochran as the top scorer. Edward McDonnell was listed in second place, and Stephen Riwniak in fourth. This eligibility list had an expiration date of January 21, 2011.

{¶ 4} On April 26, 2010, the board of trustees promoted two lieutenants to captains, leaving an opening for two lieutenants. On May 19, 2010, the board of trustees first promoted McDonnell to the rank of police lieutenant. After the removal of McDonnell's name from the eligibility list, Riwniak was in third place. The board then promoted Riwniak to lieutenant. Immediately prior to the two promotions from lieutenant to captain, the township had fewer than two captains. Immediately prior to the promotions from sergeant to lieutenant the township had fewer than three lieutenants.

{¶ 5} Cochran filed the instant mandamus petition on July 22, 2010, asserting that pursuant to Boardman Township Civil Service Commission Rule VIII, as the top scorer on the promotional exam he had a clear legal right to the promotion, and correspondingly, the board of trustees had a clear legal duty to promote him. Cochran did not file any

2

grievance or demand for arbitration relating to the appointments of McDonnell and Riwniak to the rank of lieutenant. During the pendency of these proceedings, on February 1, 2011, Cochran began a disability retirement from the police department.

### Legal Framework

**{¶ 6}** This court has jurisdiction to hear an original mandamus action pursuant to Article IV, Section 3(B)(1) of the Ohio Constitution and R.C. 2731.02. In order to be entitled to a writ of mandamus a relator must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide such relief, and (3) the lack of an adequate remedy in the ordinary course of law. *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 448, 663 N.E.2d 639. The burden is on the relator to establish the elements to obtain the writ. *State ex rel. Dehler v. Sutula* (1995), 74 Ohio St.3d 33, 34, 656 N.E.2d 332.

**{¶ 7}** To be entitled to summary judgment, the moving party must demonstrate that (1) no genuine issue of material fact exists, (2) the movant is entitled to judgment as a matter of law, and (3) even construing the evidence most strongly in favor of the nonmovant, reasonable minds could come to but one conclusion, and that conclusion is adverse to the nonmoving party. *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343. The nonmoving party may not merely rest on its allegations. A properly supported motion for summary judgment forces the nonmoving party to produce evidence on any issue for which it bears the burden of proof. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293-294, 662 N.E.2d 264.

### Mootness

**{¶ 8}** We must first address whether this mandamus action is now moot due to Cochran's disability retirement from the police department on February 1, 2011. "A case may be moot when there is no longer a 'live' issue to be determined, or when 'the parties lack a legally cognizable interest in the outcome.' *Allen v. Totes [totes]/Isotoner Corp.*, 123 Ohio St.3d 216, 2009-Ohio-4231, 915 N.E.2d 622, at ¶ 17, quoting *Los Angeles Cty. v. Davis* (1979), 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642." *State ex rel. Cordray v. Basinger*, 7th Dist. No. 09 MA 119, 2010-Ohio-4870, at ¶ 80.

**{¶ 9}** Both respondents argue that because Cochran is under Ohio PERS

3

disability retirement from the police force, he no longer has an interest in being promoted to lieutenant. However, Cochran still has a legally cognizable interest in the outcome of this case because, assuming that he prevails, he could be entitled to back pay. *State ex rel. Bednar v. N. Canton* (1994), 69 Ohio St.3d 278, 283, 631 N.E.2d 621 (prescribing standard to establish back pay in wrongful failure to promote mandamus actions). Thus, respondents' mootness argument is meritless.

**Collective-Bargaining Agreement**

{¶ 10} Both respondents also argue that a writ should not issue, because grievance and arbitration procedures set forth in the collective-bargaining agreement between the parties provide an adequate remedy in the ordinary course of law for the promotion dispute. Cochran counters that the CBA is silent regarding what promotion procedures apply under the facts of this case.

{¶ 11} A remedy is adequate if it is complete, beneficial, and speedy. S*tate ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1992), 65 Ohio St.3d 323, 328, 603 N.E.2d 1005. "A grievance and arbitration procedure in a collective bargaining agreement generally provides an adequate legal remedy, which precludes extraordinary relief in mandamus, when violations of the agreement are alleged by a person who is a member of the bargaining unit covered by the agreement." *State ex rel. Walker v. Lancaster City School Dist. Bd. of Edn.* (1997), 79 Ohio St.3d 216, 218, 680 N.E.2d 993, citing *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d at 449, 663 N.E.2d 639.

{¶ 12} Article 10 of the CBA details a grievance procedure that culminates in binding arbitration. In Section I of that Article, "grievance" is defined as "an allegation that there has been a breach, misinterpretation, or misapplication of an article or section of the parties' Agreement."

{¶ 13} The only part of the CBA that addresses the procedure for promotions is Article 18, entitled "Preservation of Rank/Promotions," which states:

{¶ 14} "Section 1. Rank Structure above the Rank of Patrolman. The Township agrees to maintain two (2) Captains, three (3) Lieutenants, and eight (8) Sergeants positions. To the extent that there exist any vacancies above the rank of patrolman

4

exceeding the baseline structure, those positions are deemed abolished upon the departure of the current incumbent or previous incumbent if the position was vacant as of the execution date of this Agreement. It is the intent of the parties to preempt R.C. 124.44, R.C. 124.321-124.328, R.C. 124.37, and any other applicable civil service statute or rule having to deal with the filling and abolishment of positions above the rank of patrolman with this language. However, in no event shall the number of promotional opportunities and guaranteed minimum provided in this section restrict the Township's ability to implement a reduction in force in accordance with Article 11 and the order of layoff provided therein. This language only restricts the Employer from abolishing positions in the ranks above patrolman, not initiating a layoff, where a temporary vacancy may be created.

{¶ 15} "Section 2. Promotional Procedure. *After the composition of the promoted ranks in the police department reaches the baseline rank structure,* as set forth in Section 1, the parties agree that future promotions will be conducted in accordance with local civil service law." (Emphasis added.)

{¶ 16} It is undisputed that immediately prior to the promotions from sergeant to lieutenant on May 19, 2010, the township had fewer than three lieutenants. Since the baseline structure consists of three lieutenants, it is clear that the department had not attained its baseline structure prior to the May 19, 2010 promotions that are at issue in this case. In fact, in its motion for summary judgment at page nine, OPBA admits that "[t]he two promotions from sergeant to lieutenant the Relator complains of were * * * the promotions that brought the department into conformity with the rank structure specified in Article 18, Section 1."

{¶ 17} Cochran correctly argues that the CBA is silent as to what promotion procedure governed during the May 19, 2010 promotions. Article 18, Section 1 does deal with promotions before the department has attained its baseline structure but addresses only the narrow issue of what procedure governs when there are vacancies that *exceed* the baseline structure—which is not the situation here. Article 18, Section 1 fails to provide a specific alternative procedure for promotions, when, as here, the department has fewer than the specified baseline personnel. And Article 18, Section 2, which directs

5

the application of local civil service rules, expressly applies only after the baseline structure has been attained, which is not the case here.

{¶ 18} In light of the CBA's silence on the applicable promotion procedure when there are vacancies in the baseline number of position in a particular rank, the CBA fails to provide an adequate remedy at law. In *Walker*, 79 Ohio St.3d 216, the Supreme Court held that the grievance and arbitration procedure in a CBA did not constitute an adequate remedy and preclude a writ when a teacher claimed that she was entitled to a salary increase based on substitute-teaching experience and her claim centered on two specific issues that were not included in the agreement, the calculation of days of substitute-teaching experience for service credit purposes and the school board's authority to revoke previously granted service credit. Id. at 218. See also *State ex rel. Crites v. Windham Exempted Village Bd. of Edn.* (Dec. 17, 1999), 11th Dist. No. 99-P-0032 ("review of the two applicable collective bargaining agreements shows that neither had a provision controlling the determination of a teacher's right to a service credit for experience obtained at another school district. As a result, because relator could not properly invoke that procedure to settle the credit issue, she was not foreclosed from maintaining this [mandamus] action").

{¶ 19} Similarly, the CBA does not specify the procedure governing this dispute, promotions occurring before the department has reached its baseline number of positions for a particular rank. Moreover, Cochran is not seeking the enforcement of any specific provision in the CBA. Rather he contends that he was entitled to the promotion based upon local civil service rules. This strengthens his argument that the CBA did not provide an adequate remedy. See, e.g., *State ex rel. Ohio Assn. of Public School Emps./AFSCME, Local 4, AFL-CIO v. Batavia Local School Dist. Bd. of Edn.* (2000), 89 Ohio St.3d 191, 198, 729 N.E.2d 743 (concluding that a collective-bargaining agreement did not provide an adequate remedy at law barring mandamus relief because relators sought enforcement of their statutory employment rights, not the enforcement of any specific provision of the collective-bargaining agreement). Thus, the CBA does not provide an adequate remedy in the ordinary course of law.

**No Clear Legal Right or Duty**

6

{¶ 20} Cochran contends that he has a clear legal right to the promotion based upon Boardman Township Civil Service Commission Rule VIII, Section 9, entitled "Promotion of Patrol Officers," which states:

{¶ 21} " If there is a valid eligibility list, the Commission shall, where there is a vacancy, immediately certify the name of the person having the highest rating and the Appointing Authority shall appoint such person within thirty (30) days from the date of such certification."

{¶ 22} To the contrary, both respondents assert that Cochran has no clear legal right to the promotion and, correspondingly, that respondent board of trustees is under no legal duty to promote him, because pursuant to R.C. 505.49(B) and (C), the board could promote any of the top three candidates.

{¶ 23} R.C. 505.49(C) provides:

{¶ 24} "(C)(1) Division (B) of this section does not apply to a township that has a population of ten thousand or more persons residing within the township and outside of any municipal corporation, that has its own police department employing ten or more full-time paid employees, and that has a civil service commission established under division (B) of section 124.40 of the Revised Code. *The township shall comply with the procedures for the* employment*, promotion,* and discharge *of police personnel provided by Chapter 124. of the Revised Code, except as otherwise provided in divisions (C)(2) and (3) of this section.*

{¶ 25} " * * *

{¶ 26} "(3) The appointing authority of an urban township, as defined in section 504.01 of the Revised Code, may appoint to a vacant position any one of the three highest scorers on the eligible list for a promotional examination." (Emphasis added.)

{¶ 27} It is undisputed that Boardman Township has a population of 10,000 or more persons residing within it and outside of any municipal corporation, has its own police department employing ten or more full-time paid employees, and has a civil service commission established under R.C. 124.40(B).

{¶ 28} Thus, *generally*, pursuant to R.C. 505.49(C)(2), the Boardman Township Board of Trustees must comply with the procedures for promotion of police personnel

7

provided by R.C. Chapter 124. Both R.C. 124.44 and Boardman Township's Civil Service Rules mandate that the top scorer on a promotional examination receive the promotion. However, R.C. 505.49(C)(2), provides an express exception from this general rule with respect to urban townships. It is undisputed that Boardman Township is an urban township. Thus, pursuant to R.C. 505.49(C)(3), respondent Boardman Township Board of Trustees may appoint to a vacant position any one of the three highest scorers on the eligible list for a promotional examination.

{¶ 29} The legislature's use of the word "may" in R.C. 505.49(C)(3) confers discretion upon the board of trustees to deviate from the mandates of R.C. Chapter 124 or civil service rules derived therefrom and instead to promote any of the top three scorers. *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 107, 56 O.O.2d 58, 271 N.E.2d 834 ("The statutory use of the word 'may' is generally construed to make the provision in which it is contained optional, permissive, or discretionary"). It is well established that mandamus will not issue to compel the performance of a discretionary act absent an abuse of discretion, which is not alleged here. See *State ex rel. Crabtree v. Franklin Cty. Bd. of Health* (1997), 77 Ohio St.3d 247, 249, 673 N.E.2d 1281.

{¶ 30} Further, we disagree with Cochran's argument that the board of trustees was required to implement or adopt a "rule of three" before it could exercise that option. As the board of trustees points out, there is nothing in the plain language of R.C. 505.49(C)(3) that mandates this. It is axiomatic that " '[i]n construing a statute, we may not add or delete words,' " *State ex rel. Cincinnati Bell v. Pub. Util. Comm.* 105 Ohio St.3d 177, 2005-Ohio-1150, 824 N.E.2d 68, at ¶ 32, quoting *State v. Hughes* (1999), 86 Ohio St.3d 424, 427, 715 N.E.2d 540. Thus, we agree that R.C. 505.49(C)(1) and (C)(3) are self-executing.

{¶ 31} Pursuant to R.C. 505.49(C)(3), respondent board of trustees was not under a legal duty to promote Cochran, the top scorer on the promotional examination. Rather, it had the discretion to promote any of the top three scorers on the exam.

{¶ 32} Accordingly, the petition is denied. Costs taxed against relator.

**Writ denied.**

DeGenaro, Donofrio, and Vukovich, JJ., concur.

8