[Cite as *State ex rel. Kirin v. Krichbaum*, 2016-Ohio-887.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE ex rel. VICTOR J. KIRIN, JR. | ) | CASE NO. 16 MA 0011 |
| | ) | |
| RELATOR | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| JUDGE R. SCOTT KRICHBAUM | ) | |
| | ) | |
| RESPONDENT | ) | |

CHARACTER OF PROCEEDINGS:    Complaint in Mandamus.

JUDGMENT:    Complaint Dismissed.

APPEARANCES:

For Relator:    Victor J. Kirin, Jr., *Pro se*
15 North Beverly Avenue
Austintown, Ohio  44515

For Respondent:    Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Gina DeGenova Bricker
Assistant Prosecuting Attorney
21 West Boardman Street, 5th Floor
Youngstown, Ohio  44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  March 4, 2016

PER CURIAM.

{¶1} Relator Victor J. Kirin Jr. has filed this original action on his own behalf and captioned it as a complaint in mandamus. Respondent Judge R. Scott Krichbaum has filed a combined answer and motion for judgment on the pleadings.

{¶2} Respondent presided over a case in which Nationstar Mortgage LLC obtained a decree in foreclosure against Relator in the Mahoning County Common Pleas Court. *Nationstar Mtge. LLC v. Kirin*, Mahoning C.P. No. 2014 CV 02075 (Apr. 28, 2015). In that case, Relator filed a motion for new trial which was overruled by Respondent. Relator did not file an appeal of either the decree in foreclosure or the judgment entry overruling his motion for new trial.

{¶3} What can be gleaned from Relator's allegations in this action is essentially that Nationstar's attorneys engaged in misconduct and perpetrated a fraud upon the trial court by submitting fraudulent assignments of the note and/or mortgage in order to obtain the decree in foreclosure. Specifically, he asks that this court: (1) declare Respondent's orders in the foreclosure action "void"; (2) halt all foreclosure cases and sheriff's sales in Mahoning County until the state investigates purported fraudulent assignments; (3) order the Clerk of Courts to notify all defendants of past foreclosure cases of fraudulent assignments, and (4) schedule Relator for a personal appearance before this Court in order for him to file criminal charges against all those who may be responsible for the purported fraudulent acts.

{¶4} A writ of mandamus is an extraordinary remedy which is exercised by this Court with caution and issued only when the right to relief is clear. *State ex rel. Brown v. Ashtabula Cty. Bd. of Elections*, 142 Ohio St.3d 370, 2014-Ohio-4022, 31

N.E.3d 596, ¶11.  Entitlement to a writ of mandamus requires the relator to demonstrate three elements:  (1) that there exists a clear legal right to the relief, (2) respondent has a clear legal duty to provide that relief, and (3) no adequate remedy at law exists.  *State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections,* 133 Ohio St.3d 153, 2012-Ohio-4267, 976 N.E.2d 890, ¶12.  The burden is on the relator to establish the elements necessary to obtain the writ.  *State ex rel. Cochran v. Boardman Twp. Bd. of Trustees*, 196 Ohio App.3d 185, 2011-Ohio-4255, 962 N.E.2d 852, ¶6 (7th Dist.), citing *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 34, 656 N.E.2d 332 (1995).

{¶5}  It is apparent that Relator has failed to demonstrate the third element necessary for issuance of the extraordinary writ of mandamus:  absence of an adequate remedy at law.  "A cause of action in mandamus, filed originally * * * in the court of appeals, will not lie where it is determined that the relator has a plain and adequate remedy in the ordinary course of the law by way of appeal."  *State ex rel. Middletown Bd. of Edn. v. Butler Cty. Budget Comm.*, 31 Ohio St.3d 251, 510 N.E.2d 383 (1987), syllabus.  To the extent Relator claims error with the decree in foreclosure in his case, he has not pursued an appeal from that order.  In regard to Relator's claims that the decree in foreclosure was fraudulently obtained, he can file a Civ.R. 60(B)(3) motion for relief from judgment and appeal from an adverse ruling on the motion if, in fact, the ruling is adverse.  *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 17, 661 N.E.2d 170 (1996).

> The mere fact that pursuing an available remedy of appeal at the conclusion of the proceedings encompasses more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law.

*State ex rel. Logue v. Fregiato*, 7th Dist. No. 01-BA-53, 2002-Ohio-1028, ¶19, citing *State ex rel. Willis v. Sheboy*, 6 Ohio St.3d 167, 451 N.E.2d 1200 (1983).

**{¶6}** As for Relator's taking issue with Respondent presiding over the foreclosure action, if he believed that Respondent was biased or prejudiced against him at any stage of the proceedings in the trial court, his remedy was to file an affidavit of interest, bias, prejudice or disqualification with the clerk of the Ohio Supreme Court. R.C. 2701.03. R.C. 2701.03 provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced. *Berdyck v. Shinde*, 128 Ohio App.3d 68, 81, 713 N.E.2d 1098 (6th Dist.1998); *Jones v. Billingham*, 105 Ohio App.3d 8, 11, 663 N.E.2d 657 (2d Dist.1995). Only the Chief Justice of the Ohio Supreme Court or his designee has the authority to pass upon the disqualification of a common pleas court judge. *Beer v. Griffith*, 54 Ohio St.2d 440, 441, 377 N.E.2d 775 (1978); *State v. Dougherty*, 99 Ohio App.3d 265, 268-269, 650 N.E.2d 495 (3d Dist.1994). An appellate court lacks the authority to pass upon the disqualification of a common pleas court judge or to void the judgment of a trial court on that basis. *Beer,* 54 Ohio St.2d at 441-442, 377 N.E.2d 775; *Dougherty,* 99 Ohio

App.3d at 269, 650 N.E.2d 495. Therefore, this Court is without jurisdiction to address this issue.

**{¶7}** Concerning Relator's desire to pursue criminal charges, he possesses an adequate remedy at law through R.C. 2935.09(D) which provides a formal mechanism by which a private citizen can seek to have criminal charges filed.

**{¶8}** Lastly, we address that portion of Relator's motion where he seeks to obtain relief for all other persons who have had foreclosure actions decided or who have pending foreclosure cases in Mahoning County. "Standing in a mandamus action is limited." *State ex rel. Internatl. Assn. of Fire Fighters, Local 381 v. Findlay*, 3d Dist. No. 5-05-21, 2006-Ohio-1774, ¶18. "An injury that is borne by the population in general, and which does not affect the plaintiff in particular, is not sufficient to confer standing." *ProgressOhio.org, Inc. v. JobsOhio*, 10th Dist. No. 11AP-1136, 2012-Ohio-2655, ¶8. Consequently, Relator lacks standing to ask this Court to interpose in those cases on his behalf to which he was not a party.

**{¶9}** Relator's complaint for a writ of mandamus is dismissed. Costs taxed to Relator. Final order. Clerk to serve notice as provided by the Civil Rules.

Waite, J., concurs.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.