[Cite as *State ex rel. Sands v. Court of Common Pleas*, 2017-Ohio-8532.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

STATE OF OHIO ex rel.
JOSEPH A. SANDS,

: **PER CURIAM OPINION**

:

Relator,

:

: **CASE NO. 2017-L-079**

- vs -

:

COURT OF COMMON PLEAS JUDGE,

:

Respondent.

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*Joseph A. Sands,* pro se, PID: A664-601, Marion Correctional Institution, P.O. ox 57, 940 Marion-Williamsport Rd., Marion, OH 43302 (Relator).

*Charles E. Coulson*, Lake County Prosecutor, and *Micheal L. DeLeone,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent).

PER CURIAM.

{¶1} Relator, Joseph A. Sands, petitions this court for a writ of mandamus, directed to the Hon. Vincent A. Culotta, the judge of the Lake County Court of Common Pleas who presided over the trial resulting in relator's present incarceration. Judge Culotta has moved to dismiss the petition, or for summary judgment. For the reasons following, we dismiss the petition.

**{¶2}** In *State v. Sands*, 11th Dist. Lake No. 2015-L-134, 2016-Ohio-7150, ¶2-4, *appeal not accepted*, *State v. Sands*, 149 Ohio St.3d 1419, 2017-Ohio-4038, we wrote:

**{¶3}** "In November 2006, Mr. Sands was found guilty, following jury trial, of one count of engaging in a pattern of corrupt activity, a felony of the first degree; three counts of conspiracy to commit aggravated murder, felonies of the first degree; and two counts of conspiracy to commit aggravated arson, felonies of the first degree. *See State v. Sands,* 11th Dist. Lake No. 2007–L–003, 2008–Ohio–6981, ¶23 ('*Sands I*'). For sentencing purposes, the trial court merged the conspiracy counts, and sentenced Mr. Sands to ten years imprisonment on the count of engaging in a pattern of corrupt activity, and ten years for conspiracy, the counts to be served consecutively, for a total term of imprisonment of 20 years. *Id.* The convictions arose from Mr. Sands' plot to murder Painesville Municipal Court Judge Michael Cicconetti, North Perry Police Chief Denise Mercsak, North Perry Mayor Tom Williams, and North Perry Prosecutor Joseph Gurley. *Id.* at ¶6.

**{¶4}** "Mr. Sands appealed, and this court affirmed. *Sands I* at ¶195. The Supreme Court of Ohio denied a motion for delayed appeal. *State v. Sands,* 127 Ohio St.3d 1443, 2010–Ohio–5762.

**{¶5}** "Mr. Sands was also tried and convicted on federal charges stemming from his plot. He was sentenced on those charges to ten years of imprisonment."

**{¶6}** Since his conviction, Mr. Sands has filed numerous actions in both state and federal court, generally without success.

**{¶7}** "This court has jurisdiction to hear an original mandamus action pursuant to Article IV, Section 3(B)(1) of the Ohio Constitution and R.C. 2731.02. In order to be

entitled to a writ of mandamus a relator must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide such relief, and (3) the lack of an adequate remedy in the ordinary course of law. *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 448, * * *. The burden is on the relator to establish the elements to obtain the writ. *State ex rel. Dehler v. Sutula* (1995), 74 Ohio St.3d 33, 34, * * *." (Parallel citations omitted.) *State ex rel. Cochran v. Boardman Twp. Bd. of Trustees*, 196 Ohio App.3d 185, 2011-Ohio-4255, ¶6 (7th Dist.)

{¶8} Relator bears the burden of showing a clear legal right to the relief requested in mandamus. *Cochran*, *supra*, at ¶6. We have read relator's petition carefully, and repeatedly. He does not request any relief. From the nature of the issues presented, we surmise he believes he was unfairly convicted, and wishes release from prison, immediately. But we are not required to surmise what relief relator desires. He must tell us, so we can determine if such relief is available. For this reason alone, we dismiss the petition.

{¶9} Further, mandamus will not lie in a criminal case if the relief desired could have been obtained on direct appeal. *State ex rel. Maxwell v. Kainrad*, 11th Dist. Portage No. 2004-P-0042, 2004-Ohio-5458, ¶10. Relator presents the following issues in his petition:

{¶10} He asserts his conspiracy convictions merged for sentencing purposes; that his sentence for conspiracy has expired; and that he is being held on an illegal conviction for engaging in a pattern of corrupt activity.

{¶11} He asserts the indictment was insufficient, and failed to charge any offense.

3

{¶12} He asserts his conviction for engaging in a pattern of corrupt activity was based on insufficient evidence.

{¶13} He asserts the time frame for the actions underlying his conviction for engaging in a pattern of corrupt activity was insufficient to support the charge.

{¶14} He appears to assert he could not be convicted of both conspiracy and engaging in a pattern of corrupt activity.

{¶15} He asserts that custody of his person could not be exchanged by state and federal authorities without a warrant signed by the Governor of Ohio.

{¶16} He asserts the trial court was required to, but did not, make factual findings when imposing consecutive sentences upon him.

{¶17} He asserts Judge Culotta renumbered the counts set forth in the indictment and/or judgment entry of sentence.

{¶18} He asserts the trial court did not file a judgment entry disposing of each and every count for which he was indicted.

{¶19} All of these issues or alleged errors could have been advanced by relator by way of normal legal process – i.e., appeal.

{¶20} "A defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted, according to Civ.R. 12(B)(6). An appellate court's review of a dismissal under Civ.R. 12(B)(6) is de novo. *West v. Sheets,* 11th Dist. No. 2001-L-183, 2002-Ohio-7143, at ¶9, citing *Mitchell v. Speedy Car X, Inc.* (1998), 127 Ohio App.3d 229, 231, * * *. In order for a court to dismiss a complaint under Civ.R. 12(B)(6), '"(* * *) it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." '*Taylor v. London* (2000), 88 Ohio St.3d

4

137, 139, 723 N.E.2d 1089, quoting *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, * * *, syllabus. "'A complaint should not be dismissed for failure to state a claim merely because the allegations do not support the legal theory on which the plaintiff relies. Instead, a trial court must examine the complaint to determine if the allegations provide for relief on any possible theory." '*Firstmerit Corp. v. Convenient Food Mart, Inc.* (Mar. 7, 2003), 11th Dist. No. 2001-L-226, 2003-Ohio-1094, at ¶7, quoting *Fanbulleh v. Strahan* (1995), 73 Ohio St.3d 666, 667, * * *. Thus, '(i)n construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party.' *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, * * *." (Parallel citations omitted.) *Karnofel v. Beck*, 11th Dist. Trumbull No. 2008-T-0057, 2008-Ohio-6874, ¶8.

**{¶21}** Assuming all factual allegations in the petition are true, relator cannot prove any set of facts entitling him to any relief.

**{¶22}** The motion to dismiss filed by respondent is granted and the petition for a writ of mandamus is dismissed.


DIANE V. GRENDELL, J., THOMAS R WRIGHT, J., COLLEEN MARY O'TOOLE, J., concur.