[Cite as *State ex rel. Washington v. Krichbaum*, 2018-Ohio-626.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, EX REL.<br>WAYMAN E. WASHINGTON | ) | |
| | ) | |
| | ) | |
| RELATOR | ) | CASE NO. 17 MA 0176 |
| | ) | |
| VS. | ) | OPINION |
| | ) | AND |
| JUDGE R. SCOTT KRICHBAUM,<br>COMMON PLEAS COURT JUDGE | ) | JUDGMENT ENTRY |
| | ) | |
| | ) | |
| RESPONDENT | ) | |

CHARACTER OF PROCEEDINGS:     Petition for Writ of Mandamus

JUDGMENT:                                    Denied.

APPEARANCES:
For Relator                                     Wayman E. Washington, Pro-se
                                                     Inmate No. 632-492
                                                     Richland Correctional Institution
                                                     P.O. Box 8107
                                                     Mansfield, Ohio 44901-8107

For Respondent                              Attorney Paul Gains
                                                     Mahoning County Prosecutor
                                                     Attorney Ralph Rivera
                                                     Assistant Prosecutor
                                                     21 West Boardman Street, 6th Floor
                                                     Youngstown, Ohio 44503-1426

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: February 12, 2018

PER CURIAM.

{¶1} Relator Wayman E. Washington, proceeding on his own behalf, has filed a petition for a writ of mandamus seeking to have this Court direct Respondent Mahoning County Common Pleas Court Judge R. Scott Krichbaum to vacate a decree of foreclosure for lack of personal jurisdiction. Respondent, represented by the Mahoning County Prosecutor's Office, has filed a combined answer and motion to dismiss.

{¶2} Deutsche Bank National Trust Company filed a foreclosure action against Relator in 2007. The bank obtained a decree of foreclosure and eventually, following bankruptcy proceedings, the property was sold at sheriff's sale and the proceeds distributed accordingly. Relator did not appeal the entries relating to the foreclosure and sale.

{¶3} Approximately nine years later, Relator filed a motion to vacate the decree of foreclosure. A magistrate issued an order denying the motion. Relator did not file objections to the magistrate's decision.

{¶4} Relator then filed the petition which is the subject of this original action.

{¶5} A writ of mandamus is an extraordinary remedy which should be exercised with caution and issued only when the right is clear. *State ex rel. Brown v. Ashtabula Cty. Bd. of Elections*, 142 Ohio St.3d 370, 2014-Ohio-4022, 31 N.E.3d 596, ¶ 11. Entitlement to a writ of mandamus requires the relator to demonstrate: (1) they have a clear legal right to the relief, (2) the respondent has a clear legal duty to provide that relief, and (3) they have no adequate remedy at law. *State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections,* 133 Ohio St.3d 153, 2012-Ohio-4267, 976 N.E.2d 890, ¶ 12.

{¶6} Relator has failed to demonstrate the third element necessary for issuance of the extraordinary writ of mandamus: absence of an adequate remedy at law. "A cause of action in mandamus, filed originally * * * in the court of appeals, will not lie where it is determined that the relator has a plain and adequate remedy in the ordinary course of the law by way of appeal." *State ex rel. Middletown Bd. of Edn. v. Butler Cty. Budget Comm.,* 31 Ohio St.3d 251, 510 N.E.2d 383 (1987), syllabus.

Relator claims error with the decree of foreclosure in his case. He had available to him as a remedy a direct appeal but did not pursue an appeal of the orders relating to the foreclosure action. "The mere fact that pursuing an available remedy of appeal at the conclusion of the proceedings encompasses more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law." *State ex rel. Logue v. Fregiato,* 7th Dist. No. 01-BA-53, 2002-Ohio-1028, ¶ 19, citing *State ex rel. Willis v. Sheboy,* 6 Ohio St.3d 167, 451 N.E.2d 1200 (1983); *State ex rel. Kirin v. Krichbaum*, 7th Dist. No. 16 MA 0011, 2016-Ohio-887.

{¶7}   Relator's complaint for a writ of mandamus is dismissed. Costs taxed to Relator. Final order. Clerk to serve notice as provided by the Civil Rules.

Waite, J., concurs.

Donofrio, J., concurs.

Robb, P. J., concurs.