[Cite as *State ex rel. Washington v. D'Apolito*, 2019-Ohio-5247.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO, ex rel. WAYMAN E. WASHINGTON,

Relator,

v.

JUDGE LOU A. D'APOLITO, COMMON PLEAS COURT JUDGE,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 17 MA 0176

---

Writ of Mandamus

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Wayman E. Washington, Pro se*, Inmate No. 632-492, Richland Correctional Institution, P.O. Box 8107, Mansfield, Ohio 44901-8107, and 6324 Klines Drive, Girard, Ohio 44420, for Relator.

*Atty. Paul J. Gains*, Mahoning County Prosecutor and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Respondent.

Dated: December 12, 2019

**PER CURIAM.**

{¶1} Relator Wayman E. Washington, proceeding on his own behalf, filed a petition for a writ of mandamus on December 13, 2017, seeking to have this Court direct Respondent Mahoning County Common Pleas Court Judge R. Scott Krichbaum to vacate a decree of foreclosure for lack of personal jurisdiction, arguing he was never served with the foreclosure complaint. Respondent filed a combined answer and motion to dismiss. On February 5, 2018, Relator filed an amended complaint changing the named respondent from Judge Krichbaum to Judge Lou A. D'Apolito, because it was Judge D'Apolito's predecessor in office who had entered the foreclosure decree. This Court dismissed Relator's original complaint on the basis that he had an adequate remedy at law by way of direct appeal, implicitly dismissing Relator's amended complaint on the same basis. *State ex rel. Washington v. Krichbaum*, 7th Dist. Mahoning No. 17 MA 0176, 2018-Ohio-626.

{¶2} Relator appealed to the Ohio Supreme Court. In a split decision, the Court reversed our determination, holding "the availability of a direct appeal is not an adequate remedy when there was a jurisdictional defect." *State ex rel. Washington v. D'Apolito*, 156 Ohio St.3d 77, 2018-Ohio-5135, 123 N.E.3d 947, ¶ 8. The Court acknowledged that an entry on a copy of the docket attached to Relator's complaint might reflect that proper service was achieved prior to the default judgment, but it also indicates that a number of other attempts to serve him by certified mail and personally were unsuccessful. *Id.* at ¶ 10. While the Court acknowledged the evidentiary value of the docket entries, it found their evidentiary value was diminished because the docket also contained entries

indicating unsuccessful attempts at service.  *Id.* at ¶ 11.  The Court concluded that this evidence was insufficient to allow dismissal of the mandamus complaint because it would prematurely require us to weigh the evidence and make an inference against Relator.  *Id.*

**{¶3}**  The Court remanded the case back to us for further proceedings.  As an initial matter, we note that we are proceeding on Relator's timely filed amended complaint, which substituted Judge Lou A. D'Apolito for Judge R. Scott Krichbaum as Respondent. *Id.* at ¶ 15.  The underlying foreclosure case was presided over entirely by Judge Timothy E. Franken and he was the judge who entered the foreclosure decree.  Judge Lou A. D'Apolito succeeded Judge Franken on December 1, 2008.  Since the case had been closed, Judge D'Apolito never had a reason or an occasion to preside over any proceedings relating to the foreclosure case.  However, because Judge D'Apolito held the seat formerly held by Judge Franken when Relator filed this mandamus action, he sought to have Judge D'Apolito substituted as the appropriate party-respondent.  We also note that regardless of which name of one of the five judges who sit on the Mahoning County Common Pleas Court, General Division, appears in the caption of this case as respondent, the prosecuting attorney remains statutory counsel for the Respondent. R.C. 309.09(A); *State ex rel. Gains v. Maloney*, 102 Ohio St.3d 254, 2004-Ohio-2658, 809 N.E.2d 24, ¶ 12.

**{¶4}**  This Court filed a judgment entry granting the parties forty-eight (48) days to file motions for summary judgment and responsive motions, and set the matter for a non-oral hearing.  Respondent has timely filed a Civ.R. 56 motion for summary judgment. Relator has not filed any response, nor has he filed any other pleadings in this matter on remand.

{¶5} Turning to the facts in this matter, in 2007, Relator and his wife were named as defendants in a Mahoning County Common Pleas Court foreclosure suit. *Deutsche Bank Natl. Trust Co. v Washington,* Mahoning C.P. No. 2007 CV 03029. The case resulted in a default judgment and decree of foreclosure against the Washingtons. No appeals were taken.

{¶6} Over nine years after the property was sold at sheriff's sale, Relator filed in this Court a complaint for a writ of mandamus on December of 2017, seeking to compel Respondent to vacate the judgment entry against him in his foreclosure case on the grounds that "personal jurisdiction was never obtained against the Relator" because "Relator * * * was never properly served a copy of the complaint [nor] did the relator appear in the case." (12/13/17 Writ of Mandamus, p. 1.) In support, Relator attached a copy of the docket from the foreclosure action, which revealed two instances of successful service on Relator, along with some unsuccessful attempts.

{¶7} In order to be entitled to summary judgment, the moving party must demonstrate that (1) no genuine issue of material fact exists, (2) the movant is entitled to judgment as a matter of law, and (3) even construing the evidence most strongly in favor of the nonmovant, reasonable minds could come to but one conclusion, and that conclusion is adverse to the nonmoving party. *State ex rel. Cochran v. Boardman Twp. Bd. of Trustees,* 196 Ohio App.3d 185, 2011-Ohio-4255, 962 N.E.2d 852, ¶ 7 (7th Dist.), quoting *State ex rel. Grady v. State Emp. Relations Bd.,* 78 Ohio St.3d 181, 183, 677 N.E.2d 343 (1997). Further, the nonmoving party may not merely rest on its allegations: a properly supported motion for summary judgment forces the nonmoving party to

produce evidence on any issue for which it bears the burden of proof. *Dresher v. Burt*, 75 Ohio St.3d 280, 293-294, 662 N.E.2d 264 (1996).

{¶8} In regard to a writ of mandamus, a relator seeking a writ of mandamus bears the burden of establishing a clear legal right to the relief requested, a clear legal duty on the part of the respondent to provide the relief, and that the relator lacks an adequate remedy in the ordinary course of the law. *State ex rel. Bradford v. Dinkelacker*, 146 Ohio St.3d 219, 2016-Ohio-2916, 54 N.E.3d 1216, ¶ 5. An adequate remedy at law is defined as one that is "complete, beneficial, and speedy." *State ex rel. Kerns v. Simmers,* 153 Ohio St.3d 103, 2018-Ohio-256, 101 N.E.3d 430, ¶ 10. Further, "[i]f any of these elements is not shown, the petition must be denied." *State ex rel. Felson v. McHenry*, 146 Ohio App.3d 542, 545, 767 N.E.2d 298 (1st Dist.2001).

{¶9} Our inquiry begins with whether there is a genuine issue of material fact regarding whether service of the 2007 foreclosure complaint was validly obtained on Relator. "[S]ervice of the summons and complaint required to initiate a lawsuit must satisfy '[a]n elementary and fundamental requirement of due process,' which is, 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Spotsylvania Mall Co. v. Nobahar*, 7th Dist. Mahoning No. 11 MA 82, 2013-Ohio-1280, ¶ 17, citing *Samson Sales, Inc. v. Honeywell, Inc.*, 66 Ohio St.2d 290, 293, 421 N.E.2d 522 (1981); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). "[U]nless service has been properly made or the party has otherwise waived service by appearing in the lawsuit, no judgment may be entered against him." *Spotsylvania* at ¶ 20. Lastly, "there is a presumption of proper service when

the civil rules governing service are followed, but this presumption is rebuttable by sufficient evidence." *Graham Dealerships, CI v. Chavero*, 5th Dist. Richland No. 2007-CA-0098, 2008-Ohio-2966, ¶ 7.

{¶10} In a decision from the Twelfth District Court of Appeals cited by Respondent, the Court addressed service in the context of a foreclosure case. In *Bank of New York Mellon v Maxfield,* 12th Dist. Butler No. CA2016-01-004, 2016-Ohio-2990, the defendants-appellants asserted that they were not properly served in the foreclosure case regarding their real property. To support this contention, they submitted affidavits stating that at the time service was made, they were out-of-state. *Id.* at ¶ 4. Plaintiff-appellee bank, however, asserted that proper service had been made, and provided documentation from the process server who had personally served the appellants. *Id.* at ¶ 5.

{¶11} The Court held that the appellants' affidavits were not sufficient to rebut the presumption of proper service, stating:

> The [appellants'] averments are unsupported with further corroborating evidence, such as a lease, utility bill, or receipts to show any indication that [they] were staying in Tennessee at the time of service * * *.
>
> Moreover, at no time did [appellants] claim that the West Church Street address was not a valid address for them, nor did they claim that the West Church Street address was not their usual place of residence or that they did not reside together. * * * The affidavits merely offered the unsupported

Case No. 17 MA 0176

statement that neither was in Ohio at the time service was purported to occur.

*Id.* at ¶ 16-17.

{¶12} In short, in order to rebut the presumption of proper service, one needs to do more than simply state that service did not occur; evidence is required. Without this evidence, the presumption that service was proper controls.

{¶13} Here, although Relator claims that he was not served, he has not provided any evidence to support this contention beyond his references to the uncertified copy of the docket he attached to both his original and amended complaint. Again, this document does contain some entries showing some attempts at service were unsuccessful. Again, Relator has not filed any further pleadings in this matter on remand.

{¶14} Conversely, a certified copy of the docket of the foreclosure case attached to Respondent's summary judgment motion as Exhibit No. 2, contains an entry clearly reflecting proper service was obtained. Respondent also attached to his summary judgment motion Exhibit No. 2, a certified copy of the return of personal service made upon Relator by Process Server Richard S. Fabian of Provest LLC, on August 31, 2007 at 4:00 p.m. and filed-stamped by the clerk of courts on September 11, 2007. This evidence demonstrates successful completion of personal service pursuant to Civ.R. 4.1(B). Because Relator has failed to provide any further evidence to the contrary in summary judgment, he has not overcome the presumption that proper service was obtained in the foreclosure action.

{¶15} Our only remaining inquiry is whether Relator had any other adequate remedy at law. It is well established that "[m]andamus cannot be used as a substitute for

appeal." *State ex rel. Richfield v. Laria,* 138 Ohio St.3d 168, 2014-Ohio-243, 4 N.E.3d 1040, ¶ 11. Mandamus also "does not lie to correct errors and procedural irregularities in the course of a case. If the relator has or had an adequate remedy, relief in mandamus is precluded — regardless of whether the relator used the remedy." *State ex rel. Davet v. Sutula*, 8th Dist. Cuyahoga No. 96548, 2011-Ohio-2803, at ¶ 10.

{¶16} Relator had two adequate remedies at law available to him: a direct appeal and a Civ.R. 60(B) motion for relief from judgment.

{¶17} For all the foregoing reasons and construing the evidence most favorably for Relator, reasonable minds can only conclude that Relator has failed to establish improper service of the foreclosure complaint or that he lacked other adequate remedies at law. No genuine issue of any material fact exists in this matter and Respondent is entitled to judgment as a matter of law. Accordingly, Respondent's motion for summary judgment is granted and Relator's amended complaint for a writ of mandamus is dismissed. Costs taxed against Relator. Final order. Clerk to serve copies of this decision and judgment entry pursuant to the civil rules.


**JUDGE CHERYL L. WAITE**

**JUDGE GENE DONOFRIO**

**JUDGE CAROL ANN ROBB**


<u>Case No. 17 MA 0176</u>